HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

SPECIAL COUNSEL FOR
SCOTT SEIDEL, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GEORGE N. TADROS, | § | CASE NO. 24-31815-SWE7 |
| DEBTOR. | § | |
| | § | |
| | § | |
| SCOTT SEIDEL, TRUSTEE, | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY NO. 25-03069 |
| V. | § | |
| | § | |
| GEORGE TADROS AND FIDELITY | § | |
| NATIONAL FINANCIAL, INC., | § | |
| DEFENDANTS. | § | |

**MOTION FOR APPROVAL OF AMENDED SCHEDULING ORDER**

Scott Seidel, Chapter 7 Trustee for the bankruptcy estate of George N. Tadros, and plaintiff in the above-captioned adversary proceeding Scott Seidel, Chapter 7 Trustee for the bankruptcy estate of George N. Tadros, and plaintiff in the above-captioned adversary proceeding (the "Trustee") hereby files his Motion for Approval of Amended Scheduling Order.

**BACKGROUND**

1.  The Trustee is investigating claims that the Debtor committed securities fraud or misuse of funds in a fiduciary capacity during a roughly 5-year period. The story begins with the Debtor realizing $30,000,000.00 from the sale of a business, then losing this fortune through day trading, gambling, and lifestyle, and ends by him raising money from various third-party lenders

and investors, and ultimately misusing those funds for his personal habits. This case will involve considerable financial discovery and possibly forensic accounting to identify all undisclosed lenders/investors, trace transfers to the Debtor and his various entities, and trace the Debtor's use of such funds, which by the Debtor's admission will include day-trading accounts, Las Vegas casinos, and a casino in the Bahamas.

2. The Trustee anticipates requesting considerable documentation from the Debtor and third parties and requests at least a 60-day period for the Trustee to review and analyze this information following receipt. Follow-up discovery will likely be needed, as well as depositions.

3. The trial docket call is currently scheduled for October 27, 2025 and trial is set for November 3, 2025. The Trustee requests the Court to enter an Amended Scheduling Order pursuant to the Proposed Order attached hereto. With respect to Docket Call and Trial Date, the Trustee requests the Court to tentatively set this case for Docket Call for March 2026 without prejudice for additional requests should circumstances warrant.

4. The Debtor has not yet provided initial disclosures. As discussed herein, the Debtor's obligations with respect to identifying witnesses with knowledge of relevant facts and discoverable documents will be significant. The Trustee has already propounded significant discovery upon the Debtor to begin this process, and the ultimate progress of this lawsuit will be dictated by how cooperative the Debtor acts in discovery and the volume of information to process.

## Background

5. George N. Tadros (the "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on June 21, 2024. The Trustee is the appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

6.	On November 4, 2024, the United States Trustee obtained an Order allowing for certain discovery under Rule 2004. *See* Case No. 24-31815 ("Main Case Docket"), Dkt. No. 22 and conducted a deposition of the Debtor on November 8, 2024. Based upon the deposition, limited documents provided to the Trustee, and the Trustee's initial independent investigation, the relevant background to this lawsuit is that the Debtor was previously involved in businesses, including one involved in owning and operating a network of wireless telephone stores. In 2019, that business was sold and the Debtor realized $30,000,000.00 from the sale. The Debtor was known socially and professionally as a successful businessman with all of the appearances of financial success in the forms of a luxury home and other property and lifestyle. After the sale of the business, the Debtor began day trading and gambling, and eventually lost this fortune.

7.	The Debtor was also involved in other businesses since the sale of the wireless company, including real estate and a company that operated a network of bounce house parks. The Debtor "raised" funds from various friends, family, and other relationships ostensibly to be used in those businesses, but instead misused the funds for various lavish lifestyle expenses, day trading in his individual name, and gambling, and ultimately apparently burnt through those funds as well.

8.	On December 16, 2024, the United States Trustee filed a Complaint Objection to Discharge with allegations consistent with the above. Dkt. No. 1, Adv. No. 24-03104. The adversary was subsequently dismissed on May 2, 2025 due to the Debtor agreeing to waive the Chapter 7 discharge in the Bankruptcy Case. *Id.* at Dkt. No. 7.

9.	The Debtor scheduled certain real property located at 1721 Bur Oak Dr., Southlake, Texas 76092 (the "Property") as exempt. The Debtor valued the Property at $4,371,407.00 and scheduled a secured claim of $1,209,497.00 against the property. *See* Main

Case Dkt. No. 1. The Debtor's bankruptcy case and issues related to the property became active when the Trustee discovered a pending sale of the Property and the items learned by the United States Trustee in discovery. The Trustee filed pleadings to retain counsel and preserve potential claims to the Property on June 2, 2025. *See* Main Case Dkt. No. 55 and 56. Pursuant to an eventual agreement with the Debtor, the Property was sold and $3,320,268.14 was placed into the Court's Registry. *See* Main Case Dkt. No. 64 and Receipt of Registry Funds, June 30, 2025.

10. As discussed in prior pleadings, the Trustee believes that the estate has valid objections to the Debtor's homestead under 11 U.S.C. § 522(q) due to claims against the Debtor for violation of securities laws, as well as fraud, deceit, or manipulation in a fiduciary capacity, and that such objections can be raised at this time under Federal Rule of Bankruptcy Procedure 4003(b).

11. The Trustee retained counsel pursuant to Court Order entered July 30, 2025 and has communicated with the United States Trustee, some of the Debtor's known lenders and/or investors, performed limited additional investigation, and consulted with potential forensic accountants. As discussed in more detail below, the Trustee believes that the Debtor has not disclosed all lenders/investors and that significant discovery and forensic accounting may need to occur in order to identify all of the sources and promises made by the Debtor in raising funds and the Debtor's actual use of funds.

### AREAS OF INQUIRY

12. The Debtor has disclosed an ownership interest in one entity, Fun 4 Ever North Texas LLC, which the Trustee believes is the business involved in the network of bounce house parks. *See* Main Case Dkt. No. 20, p. 9. The Debtor has further disclosed a prior business, KJT Holding LLC. *See* Main Case Dkt. No. 31, p. 14. The Debtor produced bank statements to the

United States Trustee from another entity – Tadros Family Ltd. Partnership. Based upon the Trustee's investigation, the Trustee believes the Debtor has or had connections to at least three other entities - AMTEL, LLC, Big Naz, LLC and Big Naz #2, LLC.

13. With respect to accounts, the Debtor produced to the United States Trustee bank documents from 4 different bank accounts, as well as additional brokerage statements and statements from online money processing companies.

14. With respect to third parties, the Debtor's Schedules disclose substantial credit card debts (which the Debtor testified in some cases were company cards), a $2.2M business loan with Origin Bank, significant debts to Brookfield (which the Debtor testified in a Bahamas casino), the Palazzo Casino in Vegas, the Clark County District Attorney, a third-party investor/lender Mitchell, Halawa (which the Debtor testified was his accountant), and a debt to the Rojas School of Music. *See* Main Case Dkt. No. 30. More concerning are the parties that the Debtor did not disclose. In his deposition, the Debtor admitted to undisclosed debts owed to Homan (his father-in-law) and to an individual, Eric Christianson.

15. In his deposition, the Debtor admitted to using proceeds from a SBA business loan for his personal day trading. The Debtor further admitted that Mr. Christian's funds were given to the Debtor as an investment into Funbox, but the Debtor never actually used the funds for the parks, and instead used the funds for trading and gambling, including paying down lines the Debtor owed in Las Vegas. The Debtor further testified that at the same time as obtaining funds from the Rojas School of Music, he was still actively gambling in Las Vegas.

16. In order to fully evaluate the Debtor's financial decline, day trading, gambling, and the raising and misuse of third-party funds, the Trustee will need to obtain and evaluate banking records and other financial documents from the Debtor, his wife, and all Debtor

affiliates from the sale of the Debtor's business in September 2019-forward and conduct depositions. The Trustee also needs third party discovery from known lenders and investors, and likely other third-party discovery from currently unknown parties.

17. Depending upon where the discovery and funds lead, as well as whether unknown questions exist, the Trustee may need additional time for further discovery.

## Conclusion

18. In order to identify undisclosed lenders/investors, as well as to fully evaluate the Debtor's misuse of funds, including what was promised with respect to raising money and what the Debtor actually did with the money, the Trustee will need considerable discovery.

19. The Trustee requests the Court to enter an Amended Scheduling Order pursuant to the Proposed Order attached hereto. With respect to Docket Call and Trial Date, the Trustee requests the Court to tentatively set this case for Docket Call for March 2026 without prejudice for additional requests should circumstances warrant.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter the Proposed Order attached hereto and grant the Trustee such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

Respectfully submitted,

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

SPECIAL COUNSEL TO THE TRUSTEE

## CERTIFICATE OF CONFERENCE

On September 4, 2025, I conferred with counsel for the Defendant, David Schuster, regarding the proposed Amended Scheduling Order. No position was given with respect to the proposed Amended Scheduling Order. Counsel for the Trustee will continue to negotiate in good faith with counsel in an attempt to reach a resolution without Court involvement.

*/s/ Hudson M. Jobe*
Hudson M. Jobe

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon opposing counsel electronically on September 16, 2025.

*/s/ Hudson M. Jobe*
Hudson M. Jobe